IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ASHLEY REGINA GOOCH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 1:22CV253 |
| v. | ) | 1:16CR25-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a federal prisoner, submitted a Letter [Doc. #68] seeking a reduction in her present sentence and contending that her sentence should be reduced because the related state court charges against her have since been dismissed. The proper avenue for an attack on a sentence is ordinarily a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Therefore, the Court construed the submission as a motion under § 2255. However, the Motion cannot be further processed for the following reasons:

1. The Motion is not on the proper § 2255 form.

2. Petitioner must show that her sentence is illegal or improper in some manner in order to proceed under § 2255. Thus, if Petitioner seeks to raise a challenge to her sentence under § 2255, she must clearly set out any claimed ground for relief.

Because of these pleading failures, this particular Motion will be dismissed, but without prejudice to Petitioner promptly filing a new motion properly following the 28

U.S.C. § 2255 forms and correcting the defects of the present Motion.[1] To further aid Petitioner, the Clerk is instructed to send Petitioner new § 2255 forms and instructions for filing a § 2255 motion, which Petitioner should follow if she wishes to bring a claim under § 2255.

The Court further notes that in a Supplement, Petitioner also points to a knee injury and a lack of treatment in custody as a basis to reduce her sentence. If Petitioner intends to request a sentence reduction based on compassionate release under 18 U.S.C. § 3582(c)(1)(A) for "extraordinary and compelling reasons," she may pursue the request with the Bureau of Prisons, and may re-file her request as a Motion for Compassionate Release and clearly set out the basis for her Motion.

IT IS THEREFORE ORDERED that the Clerk is instructed to send Petitioner § 2255 forms and instructions.

---

[1] Because Petitioner's submission is being dismissed without prejudice and is not being decided on its merits, this case will not count as a first motion which would later trigger the prohibitions against second or successive motions found in 28 U.S.C. § 2255(h). However, if Petitioner chooses to later submit a § 2255 motion that conforms with this Order and Recommendation, she should be aware that she is normally entitled to have only one § 2255 motion decided on its merits. Second or successive motions are barred from consideration by this Court unless a petitioner first receives permission from the Fourth Circuit Court of Appeals to file such a motion. 28 U.S.C. §§ 2255(h) and 2244. That permission is granted only in very narrow circumstances. Because of this, Petitioner should act carefully in resubmitting a motion. See generally Castro v. United States, 540 U.S. 375 (2003). If Petitioner wishes to challenge her conviction or sentence, she must use the § 2255 forms supplied by the Court, include all of the claims for relief she wishes to raise, and closely follow the instructions provided. To the extent there are any issues regarding the running of the statute of limitations in this case, the parties can litigate those issues following any refiling by Petitioner. If Petitioner wants a form of relief other than relief from her conviction or sentence, she should make that clear in any new submission and should state that she is not seeking to attack her conviction or sentence. She should not use the § 2255 forms in that instance. Finally, Petitioner may choose not to submit a motion, in which case her claims will not be considered further.

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Petitioner promptly filing a corrected motion on the proper § 2255 forms, or filing a Motion for Compassionate Release if that is her intent.

This, the 18th day of October, 2022.

/s/ Joi Elizabeth Peake
United States Magistrate Judge